UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN RAY HOLMES,

                         Petitioner,

    v.

WARDEN, *et al.*,

                       Respondents.

Case No. 3:19-cv-00473-LRH-CBC

ORDER

This *pro se* habeas petition comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and for consideration of petitioner's application for leave to proceed *in forma pauperis*. Following initial review, the Court will direct petitioner to file an amended petition and to show cause why the petition should not be dismissed as untimely.[1]

First, petitioner filed his petition pursuant to 28 U.S.C. § 2241. But petitioner is in custody pursuant to a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). Petitioner must therefore file an amended petition on the § 2254 form.

Second, the basis of the claim in the petition itself is not clear. Petitioner alleges that the sentence he is serving is not the sentence he was given. He asserts that under statute, he had a liberty interest in being considered for parole after ten years. He asserts that the respondents' failure to adhere to the imposed sentence has impacted his date for eligibility on his subsequent sentences. (ECF No. 1-1 at 6-8).

These allegations do not sufficiently plead the basis for petitioner's claim because it is unclear what judgment petitioner is referring to, how respondents allegedly failed to respect the

---

[1] Petitioner has also filed a motion for appointment of counsel. However, the Court defers resolution of that motion until after petitioner has responded to the order to show cause.

judgment, when respondents took the allegedly improper action, and in what way that action has caused petitioner harm.  In the papers attached to the petition, it appears that the claim petitioner pursued in state court, and may intend to pursue here, is that in 2005, the Parole Board conducted his parole hearing five months late. (*See* ECF No. 1-1 at 13).  This somewhat clarifies petitioner's claim, but not entirely.  If petitioner's claim is that his delayed parole hearing in 2005 led to a delayed parole to his consecutive sentences, which is impacting either or both his parole eligibility date or his maximum sentence, he must amend the petition to so state. Should he fail to do so, the petition will be subject to dismissal for failure to state a claim.

Finally, assuming petitioner intends to state a claim relating to the delayed parole hearing in 2005, and without addressing whether the claim is otherwise cognizable, the claim appears to be untimely. Petitioner must therefore show cause why it should not be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The only possible basis from which to measure the timeliness of petitioner's claim in this instance would be "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Cf. Redd v. McGrath*, 343 F.3d 1077,

1084 (9th Cir. 2003). It would appear that petitioner has known, or through the exercise of due diligence should have known, the basis of his claim since 2005, when the parole board conducted his hearing allegedly five months late. As such, the statute of limitations would have expired sometime in 2006 and the petition filed in this court – thirteen years later – is untimely on its face. Petitioner must therefore show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found his guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

///

3

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Petitioner will not be required to pay the filing fee.

IT IS FURTHER ORDERED that petitioner shall file an amended petition, on the court's § 2254 form, clearly setting forth the basis for his claim, within thirty days of the date of entry of this order.  Petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 of the petition, and he must place the docket number, 3:19-cv-00473-LRH-CBC, in the designated space. Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

IT IS FURTHER ORDERED that petitioner shall SHOW CAUSE within thirty days of the date of this order why the action should not be dismissed as untimely. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.  Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

This action will be dismissed without further prior notice if petitioner fails to fully and timely comply with this order.

///

4

The Clerk of Court shall send petitioner a copy of his petition (ECF No. 1-1), along with two copies of the court's form for § 2254 habeas petitions.

IT IS SO ORDERED.

DATED this 21st day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE