UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN RAY HOLMES,

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 3:19-cv-00473-LRH-CBC

ORDER

This *pro se* habeas petition comes before the Court for initial review of the amended petition and following petitioner's response to the order to show cause why the petition should not be dismissed as untimely.

Petitioner asserts that in 2005, the Parole Board conducted his parole hearing five months late, leading to delayed commencement and/or parole on his consecutive sentences. (*See* ECF No. 5 at 3). Petitioner asserts that this violated his rights to due process and equal protection and against ex post facto. (*Id.*) The claim may be cognizable at least to the extent that the delayed parole hearing resulted in the delayed commencement of petitioner's defined consecutive term. However, while at least partially cognizable, the claim is untimely, and the petition must therefore be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The only date from which to measure the timeliness of petitioner's claim in this case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Cf. Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). Petitioner has known, or through the exercise of due diligence should have known, the basis of his claim since November 2005, when the parole board conducted his hearing allegedly five months late. As such, the statute of limitations expired in late 2006 or early 2007 and the petition filed in this court – thirteen years later – is untimely on its face.

Petitioner argues that he should receive equitable tolling. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

///

First, petitioner argues that his claim was not available when litigating his first state and federal postconviction petitions, which challenged the underlying judgment of conviction. But the Court did not and does not suggest petitioner was required to raise this claim in his petitions challenging his judgment of conviction. This argument is therefore beside the point.

Second, petitioner argues that when his claim first arose, he was represented by counsel in his federal habeas matter and that he could not have filed a petition while represented by counsel. Petitioner's assertion that having counsel in one matter prevented him from filing a petition on his own behalf in another matter is without merit. Furthermore, on January 7, 2009, petitioner filed a state petition that asserted the facts underlying the instant petition. (*See* ECF No. 5-1 at 106-16). Thus, to the extent petitioner asserts that he didn't understand he could file his own petition, he was able to and did in fact do so by 2009 – a full decade before initiating the instant federal habeas petition.

Third, petitioner argues that he appealed the denial of his 2009 petition but no appeal was ever logged. To the extent that petitioner intends to suggest that he was lulled into inaction by what he thought was a pending appeal of his state petition -- even assuming this could constitute a basis for tolling – this fact would not render the instant petition timely. Petitioner has not shown that he was diligent with respect to pursuing what he believed was an appeal of his 2009 petition. Moreover, the federal statute of limitations had already run by the time petitioner filed his 2009 petition.

Fourth, petitioner asserts that he has been denied direct access to the law library and must rely on runners and inmates to do his research for him. The fact that petitioner was unable to access the law library in person is not grounds for equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for [petitioner] to file his petition in a timely manner.").

Petitioner does argue that the limited access to the law library meant his research on the unique facts of his case proceeded inefficiently, and thus he did not find a case supporting his position until 2017. After that, he asserts, he was transferred to WSCC and did not have his legal

3

materials, including the case, for some time. As soon as he could, he filed his state petition asserting the claim at issue here.

The case petitioner found, *Mariscal v. Williams*, (ECF No. 4 at 8), is a Nevada state law case decided by the Nevada Court of Appeals. At most, it loosely supports petitioner's claim in dicta, but it does not establish that the facts petitioner asserts here amount to a constitutional violation. *See Mariscal v. Williams*, 2016 WL 1178022, at *1 (Nev. App. Mar. 16, 2016) ("As Mariscal failed to demonstrate any error regarding the timing of his parole hearing, he also did not demonstrate he has improperly served an additional four years or that the credits for those four years should actually be applied towards his second term."). Even if it did, however, the fact that some basis for petitioner's claim was potentially recognized by a court in 2016 does not serve as a basis for equitable tolling or delayed accrual of the statute of limitations. At base, the facts underlying petitioner's claim were available to him in 2005 and he filed a state petition asserting those facts as early as January 2009. No extraordinary external impediment prevented petitioner from filing his petition before 2019, and petitioner therefore has not established an entitlement to equitable tolling.

Sixth, petitioner invokes *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* has no applicability here for many reasons, the first and foremost being that *Martinez* recognized a potential excuse for a procedural default -- not an excuse for an untimely petition.

Finally, petitioner asserts actual innocence. Actual innocence is actual *factual* innocence. *Bousley v. United States*, 523 U.S. 624, 623 (1998). Petitioner argues that he is actually innocent of his conviction because his judgment of conviction did not intend or him to would serve five extra months. This argument at most supports a claim of legal innocence and not factual innocence. Petitioner has not therefore established actual innocence.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the petition in this action is DISMISSED WITH PREJUDICE as untimely.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel (ECF No. 1-2) is DENIED AS MOOT.

///

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly and close this case.

IT IS SO ORDERED.

DATED this 1st day of November, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE